FILED
CLERK
9/19/2019 9:54 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ENGELS SOSA-RODRIGUEZ,

                Petitioner,

    -against-

MICHAEL CAPRA and STEVEN RACETTE,

                Respondents.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
15-CV-6523(JMA)

**AZRACK, United States District Judge:**

      Petitioner Engels T. Sosa-Rodriguez (the "Petitioner") filed a document titled "Writ of Error Coram [N]obis," to commence this action. (ECF No. 1.) After requesting leave to file a supplemental brief, Petitioner filed an additional document titled "Supplemental Respondent's Brief on Appeal." (ECF No. 8, together with ECF No. 1, the "Petition".) While this Court lacks jurisdiction to issue a writ of error coram nobis to set aside state court judgments, <u>Finklestein v. Spitzer</u>, 455 F.3d 131, 133–34 (2d Cir. 2006) (per curium), given Petitioner's <u>pro se</u> status, the Court liberally construes Petitioner's filings as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.[1] Nonetheless, for the reasons set forth below, the Petition is dismissed.

## I. DISCUSSION

      The Petition lists three Suffolk County Indictment numbers, 1703-2005, 2115-2005, and 1478A-2006. However, Petitioner already filed a writ of habeas corpus in the Eastern District of New York on or about May 28, 2012, under docket number 12-CV-2209, challenging aspects of his convictions under case numbers 1703-2005 and 2115-2005 (the "2012 Petition"). The 2012

---

[1] The certificate of service attached to Respondents letter in opposition to the Petition indicated that Respondents only served Petitioner at the Buffalo Federal Detention Facility. (ECF No. 15.) In response to this Court's order dated August 5, 2019, Respondents re-served all relevant filings on Petitioner at his purportedly updated address. (ECF No. 17.) The Court granted Petitioner an opportunity to respond to Respondents' letter by September 12, 2019. However, to date, Petitioner has not filed anything with the Court. Accordingly, the Court rendered its decision based on Petitioner's initial filings and Respondents' letter.

Petition was dismissed in December 2014, and the Honorable Raymond J. Dearie denied Petitioner's application for relief in its entirety. Sosa-Rodriguez v. Racette, No. 12-CV-2209, 2014 WL 7423473 (E.D.N.Y. Dec. 31, 2014). Judge Dearie determined that a Certificate of Appealability should not issue and Petitioner did not appeal the judgment. Accordingly, the Petition's claims related to case numbers 1703-2005 and 02115-2005 constitute a successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to seek leave from the appropriate court of appeals before a successive petition can be considered by the district court. 28 U.S.C. § 2244(b)(3)(A). This Court cannot perform the initial screening function for such a successive petition and has no jurisdiction to decide the application on the merits. See Felker v. Turpin, 518 U.S. 651 (1996); Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003). Accordingly, all claims in the Petition related to case numbers 1703-2005 and 2115-2005 are dismissed.

Petitioner refers to a third case number in his Petition, 1478A-2006, which resulted in a conviction for attempted burglary in the second degree (N.Y. Penal Law §§ 110, 140.25). This conviction was not challenged in the 2012 Petition. However, judgment against Petitioner for case number 1478A-2006 was entered on January 9, 2007, and Petitioner did not appeal his conviction, nor has he filed any collateral attacks in state court. Accordingly, Petitioner has not presented any federal claims related to case number 1478-2006 to the "highest state court capable of reviewing" such claims. Jackson v. Conway, 763 F.3d 115, 151 (2d Cir. 2014) (quoting Rosa v. McCray, 396 F.3d 210, 2017 (2d Cir. 2005)). Thus, Petitioner has not "exhausted the remedies available" in state courts and his claims related to case number 1478A-2006 are unexhausted. 28 U.S.C. § 2254(b)(1)(A).

Even if Petitioners claims related to case number 1478A-2006 were somehow deemed

exhausted, they are plainly time-barred. AEDPA sets a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The applicable one-year period runs from the latest date on which one of the following four events occurs:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). AEDPA also provides for tolling of the one-year period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

As Petitioner did not file a direct appeal, Petitioner's judgment became final on February 8, 2007, 30 days after it was entered. See C.P.L. § 460.10(1)(a) (providing 30 days to appeal a conviction); Ocasio v. Lee, No. 14-CV-6097, 2017 WL 456468, at *2 (S.D.N.Y. Feb. 2, 2017). Petitioner did not file any collateral attacks on this conviction that might toll the statute of limitations. And, to the extent Petitioner's reference to recently-obtained copies of his indictments could be considered a newly-discovered factual predicate of his habeas claims under 28 U.S.C. § 2244 (d)(1)(D), any such argument fails.[2] Thus, Petitioner's statute of limitations to

---

[2] Petitioner suggests that because his indictments were apparently filed in the Suffolk County Clerk's office several years after he was convicted (though the indictments themselves are dated at or around the time of his arrests), this constitutes some violation of due process. While the Court cannot discern any possible Constitutional violation from a late filing of an indictment with the Clerk of the Court, even if it was somehow a requirement that a charging instrument be filed with the Clerk of the Court in advance of a conviction, this fact could have been discovered at the time of Petitioner's guilty pleas. See 28 U.S.C. § 2244 (d)(1)(D); see also Wims v. United States, 225 F.3d 186, 190–

3

file a habeas petition regarding case number 1478A-2006 expired February 8, 2008, more than seven years before he filed the Petition. 28 U.S.C. § 2244(d)(1)(A). Accordingly, the claims in the Petition related to case number 1478A-2006 are untimely.

There are no equitable exceptions to save this time-barred Petition. Petitioner has not demonstrated he is entitled to equitable tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (internal quotation omitted). He waited more than seven years after his conviction in case number 1478A-2006 became final to file the Petition and there is no allegation that he was impeded from diligently pursuing his rights during this time.

Similarly, Petitioner has not presented a claim of actual innocence regarding case number 1478A-2006. See McQuiggin v. Perkins, 569 U.S. 383, 392–93 (2013) (recognizing actual innocence as an equitable exception to the AEDPA statute of limitations). To "present a successful gateway claim of actual innocence a petitioner must present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Rivas v. Fischer, 687 F.3d 514, 541 (2d Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). As the Second Circuit has explained,

> To satisfy the Schlup standard, a claim of actual innocence must be both "credible" and "compelling." For the claim to be "credible," it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. For the claim to be "compelling," the petitioner must demonstrate that more likely

---

91 (2d Cir. 2000) (noting that the relevant question is when a duly diligent person in defendant's situation would have discovered the relevant factual predicate). Moreover, Petitioner carries the burden of demonstrating due diligence and must explain why he did not act to discover this information earlier. Shabazz v. Filion, 402 F. App'x 629, 630 (2d Cir. 2010). Petitioner has failed to provide any explanation for the significant delay in obtaining the copies of his indictments, or how the late filing violated his rights.

than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

Id. at 514 (internal citations and quotation marks omitted). This "standard is 'demanding and permits review only in the extraordinary case.'" Id. at 542 (quoting House v. Bell, 457 U.S. 518, 538 (2006)). Petitioner does not argue that he is actually innocent, and the Petition certainly does not contain the type of credible and compelling evidence necessary to overcome AEDPA's limitations period.

Accordingly, the Petition is successive, with respect to case numbers 1703-2005 and 2115-2005, and both unexhausted and time-barred with respect to case number 1478A-2006. Thus, the Court does not reach the merits of Petitioner's claims.

## II. CONCLUSION

For the reasons stated above, the Petition is DISMISSED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Order to the pro se Petitioner, at both addresses listed on the docket, and to close this case.

**SO ORDERED.**  /s/ (JMA)
　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
Dated: September 19, 2019　　　　　United States District Judge
　　　　Central Islip, New York